# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **No. 2:12-CR-043** |
| | § | **ECF** |
| **SHANICE ADEL LAMBERT** | § | |

## MOTION IN LIMINE UNDER RULES 403, 404, AND 608 AND BRIEF

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

The Defendant, by counsel, pursuant to Federal Rules of Evidence 403, 404, and 608, files

this her Motion in Limine to preclude the government from the following:

1.      Mentioning the character or trait of character of the Defendant; or

2.      Evidence of other crimes, wrongs, or acts of the Defendant without first going to the

Court for a determination as to its admissibility pursuant to Rules 403 and 404 of the Federal Rules

of Evidence.

Generally, evidence of other crimes, wrongs, or acts not charged in the indictment are not

admissible.  *See United States v. Kirk*, 528 F.2d 1057, 1060 (5th Cir. 1976).  In order to be

admissible under Federal Rule of Evidence 404(b), the evidence of the other crimes, wrongs or acts

must be relevant to an issue other than the Defendant's character.  The Fifth Circuit has applied a

two-part test in assessing whether such evidence is admissible.  First, it must be determined that the

extrinsic offense evidence is relevant to an issue other than the Defendant's character.  Second, the

evidence must possess probative value that is not substantially outweighed by its undue prejudice

and the evidence further must meet the other requirements of Federal Rule of Evidence 403.  *United*

*States v. Beechum*, 582 F.2d 898, 910-11 (5th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 920

(1979).  The essential part of the second part of the *Beechum* test is whether the probative value of the evidence sought to be introduced is substantially outweighed by the danger of unfair prejudice. In measuring the probative value of the  evidence, the Court should consider the overall similarity of extrinsic and charged offenses.  If the extrinsic and charged offenses are dissimilar except for the common element of intent, the extrinsic offense may have little probative value to counter-balance the inherent prejudicial nature of this type of evidence.  *Id*. at 913-15.

Additionally, Defendant moves this Court pursuant to Federal Rule of Evidence 608 to preclude the government and its witnesses from (1) attacking the character of the Defendant or any defense witness, or (2) mentioning any specific instances of conduct without first going to the Court for a determination as to its admissibility pursuant to Federal Rule of Evidence 608.

Defendant requests that the Court order the Government's attorney to inform all government witnesses to refrain from mentioning or alluding to any evidence of character or conduct of the Defendant or any defense witness until the Court has ruled on the admissibility of this evidence. This matter should be taken up away from the jury until the Court has ruled on these matters.

Respectfully submitted,

RICHARD A. ANDERSON
Federal Public Defender
Northern District of Texas

  /s/ Bonita L. Gunden
BONITA L. GUNDEN
Assistant Federal Public Defender
500 S. Taylor, Suite 110
Amarillo, Texas  79101
Phone (806) 324-2370
Texas Bar No. 08620450
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF CONFERENCE

This is to certify that the office of the Federal Public Defender has consulted with Steve Sucsy, Assistant U.S. Attorney, regarding this Motion, and he indicated that the Government AGREES IN PART AND OPPOSES IN PART.

  /s/ Bonita L. Gunden
BONITA L. GUNDEN


## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2012, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to Assistant U.S. Attorney Steve Sucsy, the attorney of record in this case, who has consented in writing to accept this Notice as service of this document by electronic means.

  /s/ Bonita L. Gunden
BONITA L. GUNDEN