UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | No. 2:12-CR-043-CEA |
| | § | ECF |
| SHANICE ADEL LAMBERT | § | Referred to the U.S. Magistrate Judge |

**MOTION FOR PRETRIAL NOTICE UNDER RULE 404(b) OF
INTENTION OF GOVERNMENT TO INTRODUCE EVIDENCE
OF OTHER CRIMES, WRONGS OR ACTS AND BRIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

The Defendant, by and through counsel, hereby requests, pursuant to Rule 404(b) of the Federal Rules of Evidence, pretrial notice of the Government's intention to use at trial any evidence of other crimes, wrongs, or acts of the Defendant and all other witnesses.  Rule 404(b) was amended effective December 1, 1991, to provide for such disclosure.  Revised Federal Rule of Evidence 404(b) ("FRE") provides in pertinent part that "upon request by the accused, the prosecution in a criminal cause shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."  The Advisory Committee Notes to FRE Rule 404 (1991 Amendment) reflect that this pretrial notice requirement requires "the prosecution to provide notice, regardless of how it intends to use the extrinsic act evidence at trial, i.e., during its case-in-chief, for impeachment, or for possible rebuttal."  The Advisory Committee Notes reflect that this notice requirement serves as a condition precedent to the admissibility of 404(b) evidence.  Therefore, if the Government fails to give pretrial notice of such evidence, the evidence is inadmissible if the Court decides that the Government's excuse for not providing this evidence is not based on good cause shown.  *See* Federal

Rule of Evidence 404(b) Advisory Committee Notes.

In *United States v. Baum*, 482 F.2d 1325 (2nd Cir. 1973), the Second Circuit Court of Appeals reversed a conviction for possession of stolen goods where a pretrial motion to reveal a Government's witness had been denied and the witness at trial testified that the defendant had previously received stolen goods unrelated to the possession named in the indictment. The Court stated:

> Confronted for the first time with the accusation of prior criminal conduct and the identity of the accuser, the defendant had little or no opportunity to meet the impact of this attack in the midst of trial. This precarious predicament was precipitated by the prosecutor.
>
> The failure to reveal [the witness'] identity until he was presented as a witness, confronted the trial judge with the hard choice of interruption of the trial or denial to the defense of a reasonable opportunity of meeting the severe impact of the aspect of the prosecutor's evidence.

*Id*. at 1331-32. The defendant in *Baum* was afforded a new trial so that he could be provided a fair opportunity to meet the critical and damaging proof of an offense not presented against him in the indictment.

Given the seriousness of the charges in the instant indictment, Defendant will be denied her Fifth Amendment right to due process of law if the Government is permitted to conceal the identities of those persons which the Government will rely upon to show similar acts or wrongs and the nature of such evidence. Without pretrial disclosure in accord with Rule 404(b), Defendant cannot adequately prepare to meet this evidence. *See United States v. Strofsky*, 409 F.Supp. 609 (S.D. N.Y. 1973) (pretrial disclosure necessary to be able to adequately rebut such prior bad act evidence). Defendant would thereby be deprived of the basic fairness and fair play which the due process clause of the United States Constitution guarantees to every accused.

WHEREFORE, Defendant respectfully requests this Court to direct the Government to disclose to the Defendant its intent to rely upon evidence of similar crimes, acts or wrongs, the identity of those persons which the Government intends to rely upon to demonstrate the aforementioned evidence, and the general nature of such evidence.

Respectfully submitted,

RICHARD A. ANDERSON
Federal Public Defender
Northern District of Texas

  /s/ Bonita L. Gunden
BONITA L. GUNDEN
Assistant Federal Public Defender
500 S. Taylor, Suite 110
Amarillo, Texas  79101
Phone (806) 324-2370
Texas Bar No. 08620450

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF CONFERENCE

This is to certify that the office of the Federal Public Defender has consulted with Steve Sucsy, Assistant U.S. Attorney, regarding this Motion, and he indicated that the Government AGREES IN PART AND OPPOSES IN PART.

  /s/ Bonita L. Gunden
BONITA L. GUNDEN

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2012, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to Assistant U.S. Attorney Steve Sucsy, the attorney of record in this case, who has consented in writing to accept this Notice as service of this document by electronic means.

  /s/ Bonita L. Gunden
BONITA L. GUNDEN

MOTION FOR PRETRIAL NOTICE UNDER RULE 404(b) - 3