UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | No. 2:12-CR-043-CEA |
| | § | ECF |
| SHANICE ADEL LAMBERT | § | Referred to the U.S. Magistrate Judge |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO
COMPEL DISCLOSURE OF EXCULPATORY EVIDENCE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant and submits this memorandum in support of her Motion to Compel Disclosure of Exculpatory Evidence (*Brady* Motion). By this motion, Defendant specifically requests disclosure of all evidence of any kind that may arguably be favorable to the accused. This motion expressly encompasses any impeachment evidence, including evidence that goes to the credibility of Government witnesses. *Giles v. Maryland*, 386 U.S. 66 (1967); *See also Giglio v. United States*, 405 U.S. 150 (1972) (promises of leniency); *United State v. Starusko*, 729 F.2d 256 (3rd Cir. 1984)(inconsistent summaries of statements of Government witnesses); *United States v. Auten*, 632 F.2d 478 (5th Cir. 1980) (criminal record); *Martinez v. Wainwright*, 621 F.2d 1984 (5th Cir.1980)(rap sheet); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980) (conflicting testimony); *United States v. Gaston*, 608 F.2d 607 (5th Cir. 1979)(*Brady* requires disclosure of evidence important and useful for impeachment purposes).

"The suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 104 (1963). *Brady*

places the obligation to come forward with such evidence on the Government in the first instance. *Giglio v. United States*, 405 U.S. 150, 154 (1972); *Maryland v. Wainwright*, 621 F.2d 104, (5th Cir. 1980). Performance of this obligation is required by the Fifth Amendment's guarantee of due process. *Brady v. Maryland, supra*. Moreover, it is well established that the Government is charged with knowledge of the significance of evidence and its actual or constructive possession "even if [it] has actually overlooked it." *United States v. Agurs*, 427 U.S. 97, 110 (1976); *United States v. Auten*, 632 F.2d 478 (5th Cir. 1980) (under *Brady* the Government had knowledge of criminal records of its key witness even though prosecutor chose not to run a check on witness to obtain such information because of shortness of time); *Martinez v. Wainwright*, 621 F.2d 184 (5th Cir. 1980) (*Brady* rule applied even though prosecutor personally unaware of the evidence that had been requested where it was available in medical examiner's office); *United States v. Deutsch*, 475 F.2d 55 (5th Cir. 1973)(*Brady* does not permit Government to compartmentalize Department of Justice and deny Defendant's access to files obtainable from other agency closely connected to the case). And it has been held that:

> [T]he deception which results from negligent nondisclosure is no less damaging than that which is a product of guile, and such negligent nondisclosure entitles a defendant to relief.

*Martinez v. Wainwright*, 621 F2d 184, 187-188 (5th Cir. 1980), *citing Shuler v. Wainwright*, 341 F. Supp. 1061, 1069 (N.D. Fla. 1972) *remanded on other grounds,* 491 F.2d 1213 (5th Cir. 1974).

In doubtful cases, the better practice is to grant the discovery sought, thereby avoiding constitutional questions arising under *Brady*. *United States v. Agurs*, 427 U.S. 97 (1976); *United States v. Allen*, 513 F. Supp. 547, 550-551 (W.D. Okla. 1981); *see also* ABA Standards for Criminal Justice 2nd Ed 1980, pp. 11-28. These rulings are entirely consistent with the Supreme Court's statement in *Dennis v. United States*, 384 U.S. 855, 870 (1966), that "disclosure rather than

MEMORANDUM RE: EXCULPATORY EVIDENCE (*Brady*) - 2

suppression of relevant materials ordinarily promotes the proper administration of criminal justice." *See also United States v. Countryside Farms, Inc.*, 428 F. Supp. 1150, 1154 (D. Utah 1977)(the only course to be followed by a prudent prosecutor is to supply evidence that is even arguably favorable to Defendant; it is no excuse that it may be burdensome, and it is unimportant if the failure to disclose is in good faith).  Indeed the Supreme Court specifically found in *United States v. Agurs*, 427 U.S. 97, 106 (1976), that where there is a substantial basis for claiming that material is within the purview of *Brady* the Government must either furnish the information to the defense or submit it to the court for review.  *See also United States v. Gaston*, 608 F.2d 607 (5th Cir. 1979)(error to fail to conduct *in camera* review of *Brady* material where there has been a request for specific documents sought as potentially exculpatory).

Although *Brady* does not create a discovery rule because its requirements are found in the Constitution, it impacts significantly on discovery.  Thus, some documents not covered by Federal Rule of Criminal Procedure 16, *e.g.* Jencks Act statements, may be *Brady* material because of their content.  *United States v. Kaplan*, 554 F.2d 577 580 (3rd Cir. 1977).  To the extent that specifically requested information is either material to guilt or punishment and favorable to the accused under Brady, it must be material to the preparation of the defense within the meaning of Rule 16(a)(1)(C) and (D).  *United States v. Thevis*, 84 F.R.D. 47, 52 (N.D. Ga. 1979).  Some requests made in the instant motion fall within Rule 16 and do not implicate 18 U.S.C. Section 3500, the Jencks Act, as they relate to statements or testimony of individuals not designated as Government witnesses. Moreover, to the extent that the requests seek *summaries* of remarks made by designated witnesses, *e.g.* Government 302's the Jencks Act does not come into play, as such materials do not fall within the definition of "statements" within the meaning of that act.  *United States v. Starusko*, 729 F.2d 256, 263 (3rd Cir. 1984); *see also United States v. Gaston*, 608 F.2d 607 611 (5th Cir. 1979).  There

MEMORANDUM RE: EXCULPATORY EVIDENCE (*Brady*) - 3

can be no question, then, that these materials should be disclosed to defense counsel immediately, and such material that the Government is unsure about should be presented forthwith to the court for *in camera* inspection.

Defendant also seeks by this motion production of evidence favorable to the accused even if it is contained in statements or testimony of Government designated witnesses and is therefore within the ambit of the Jencks Act. Although the Fifth Circuit left the question of pre-trial production of such materials open in *United States v. Campagnuolo*, 592 F.2d 852 (5th Cir. 1979), many other courts, including district courts within the Fifth Circuit, have found in situations like that presented by this case that early disclosure of such material is necessary to protect the constitutional rights of defendants. *See e.g., United States v. Starusko*, 729 F.2d 256, 261-263 (3rd Cir. 1984)(district court has authority to order *Brady* material disclosed prior to trial; compliance with Jencks Act does not necessarily satisfy due process concerns of *Brady*; *United States v. Kosovsky*, 513 F. Supp. 14 (W.D. Okla. 1980) (*Brady* and *Giglio* material as a matter of course ordered disclosed as far prior to the trial as possible in order to enable Defendant to make use of it and to avoid unnecessary delays during the trial); *United States v. Thevis*, 84 F.R.D. 47, 52-54 (N.D. Ga. 1979)(noting *Campagnuolo*, and holding that Government's disclosure must be made at such time as to allow the defense to use favorable material effectively in the preparation and presentation of its case; independent investigation is the only effective method of utilizing this information and independent investigation requires time); *United States v. Deutsch*, 373 F. Supp. 289, 290 (S.D. N.Y. 1974)(exculpatory information may come too late if it is only given at trial, and the effective implementation of *Brady v. Maryland* must therefore require earlier production in at least some situations).

Without early disclosure to the defense of the *Brady* material requested by the instant motion,

MEMORANDUM RE: EXCULPATORY EVIDENCE (*Brady*) - 4

lengthy delay of the trial may be unavoidable, and it will be impossible for the counsel for the Defendant to coordinate her examinations of the various witnesses in an efficient and effective manner.  Here, then, as in the cases just cited, it is clear that early disclosure of this <u>Brady</u> material is necessary to protect the constitutional rights of the Defendant and to avoid lengthy and unnecessary delays during the trial.

For all the foregoing reasons, Defendant respectfully asks this Court to grant her Motion To Compel Disclosure Of Exculpatory Evidence.

Respectfully submitted,

RICHARD A. ANDERSON
Federal Public Defender
Northern District of Texas

  /s/ Bonita L. Gunden
BONITA L. GUNDEN
Assistant Federal Public Defender
500 S. Taylor, Suite 110
Amarillo, Texas  79101
Phone (806) 324-2370
Texas Bar No. 08620450

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2012, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to Assistant U.S. Attorney Steve Sucsy, the attorney of record in this case, who has consented in writing to accept this Notice as service of this document by electronic means.

  /s/ Bonita L. Gunden
BONITA L. GUNDEN