UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | No. 2:12-CR-043-CEA |
| | § | ECF |
| SHANICE ADEL LAMBERT | § | Referred to the U.S. Magistrate Judge |

DISCOVERY MOTIONS AND BRIEF

TO THE HONORABLE JUDGE OF SAID COURT:

The Defendant by and through her undersigned counsel, moves the Court to grant the following discovery motions.

1. MOTION FOR STATEMENTS BY DEFENDANT

The Defendant requests this Court to order the United States to divulge all oral, written or recorded statements made by Defendant "within the possession, custody or control of the government...." as provided under Rule 16(a)(1)(A), Federal Rules of Criminal Procedure ("F.R.Cr.P."). This request includes any audio recordings and the substance of any oral statements made by the Defendant before or after her arrest to government agents or law enforcement officers including probation or parole officers. *See United States v. Mitchell*, 613 F.2d 779, 781 (10th Cir.), *cert. denied*, 100 S.Ct. 1283 (1980) and *United States v. Ible*, 630 F.2d 389, 396-97 (5th Cir. 1980) (oral statement made to law enforcement agents).

2. MOTION FOR DOCUMENTS AND TANGIBLE OBJECTS

The Defendant requests this Court to order the United States to divulge all books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody or control of the government "and which are material to the preparation of the

defendant's defense or are intended as evidence in chief at the trial, or were obtained from or belong to the defendant." Rule 16(a)(1)(C), F.R.Cr.P. This request includes, but is not limited to all checks and other securities, computers, programs, software, diskettes, printers, check stock, counterfeit payroll, chemicals, finger prints, handwriting exemplars, identification, bank statements and other potential evidence.

3. <u>MOTION FOR REPORTS OF EXAMINATIONS AND TESTS</u>

The Defendant requests this Court to order the United States to provide the Defendant with the results or reports of all physical or mental examinations and of scientific tests or experiments conducted by the United States or state authorities in the course of the investigation of this case and any related state investigation of Defendant. Rule 16(a)(1)(D), F.R.Cr.P. This includes producing copies of any and all fingerprints or handwriting reports and results compiled by and who examined known fingerprints, palm prints, or handwriting exemplars of the Defendant and compared them to questioned specimens. *United States v. Buchanan*, 585 F.2d 100, 101 (5th Cir. l978). This also includes any chemical analysis of narcotics and reports generated from the tests. *United States v. Kelly*, 420 F.2d 26, 28-29 (2d. Cir. 1969). *See also* F.R.Cr.P. 16(a)(1)(C)-(D).

The Defendant also requests to review the reports of polygraph tests administered to participating government informants. F.R.Cr.P. l6(a)(1)(C)-(D).

4. <u>MOTION FOR IMPEACHMENT EVIDENCE</u>

The Defendant requests this Court to order the United States to divulge all information it has which will impeach any witness the United States may call at trial.

Evidence that may be used to substantially impeach the credibility of a key government witness must also be disclosed to the defense. *Giles v. Maryland*, 386 U.S. 66, 87 S.Ct. 793 (l967).

The United States must also disclose the prior criminal record or other prior material acts of misconduct of its witnesses. *United States v. Rosner*, 516 F.2d 269 (2d Cir. 1975); *United States v. Seijo*, 514 F.2d 1357 (2d Cir. 1975); *United States v. Fried*, 486 F.2d 201 (2d Cir. 1973).

     5.     MOTION FOR INCONSISTENT STATEMENTS

The Defendant requests, pursuant to Rule 613, Federal Rules of Evidence, this Court to order the United States to divulge all information it has regarding inconsistent statements of any witness it may call at trial.

     6.     MOTION FOR UNTRUTHFUL WITNESSES

The Defendant requests this Court to order the United States to divulge all information it has regarding the untruthfulness of any of the witnesses it may call at trial.

Rule 607 of the Federal Rules of Evidence provides that the credibility of a witness may be attacked by any party. Rule 608 of the Federal Rules of Evidence provides for attack on the character and conduct of a witness. Opinion or reputation evidence as to a witness' truthfulness or untruthfulness is specifically allowed for under Federal Rule of Evidence 608, and evidence of misconduct, including conviction of crime, and of corruption also fall within this category.

F.R.E. 608(b) slightly broadens the pre-existing doctrine that a witness ordinarily may not be cross-examined on acts of misconduct not resulting in a felony conviction. Under the current rule, particular instances of misconduct, even though not the subject of a conviction, may be inquired into if they bear upon the truthfulness of the witness.

     7.     MOTION FOR NARCOTIC INFORMATION

The Defendant requests this Court to order the United States to divulge all information regarding the use of narcotics by witnesses it may call at trial.

A witness' use of narcotics at the time of events or at the trial may serve to impeach her credibility. *United States v. Killian*, 524 F.2d l268, l275 (5th Cir. l975), *cert. denied*, 425 U.S. 935 (l976). Moreover, witnesses may have been under medication to control their drug dependency at the time of their cooperation with the United States, when they appeared before various grand juries or when they entered their pleas of guilty, if any. These witnesses may also still be under medication at the present time and may be on medication at trial.

The Defendant is entitled to impeach these witnesses' credibility. The United States has access to any such witnesses' medical records and has a duty to search its files and the files of other government agencies for evidence material to the defense, even if the prosecution does not intend to use such evidence at trial. ***See*** *United States v. Bailleaux*, 685 F.2d 1105 (9th Cir. l982). Further, mental derangement may serve as a ground for impeachment. *United States v. Heath*, 528 F.2d l9l, l92 (9th Cir. l975); *United States v. Roach*, 590 F.2d 181, 185-86 (5th Cir. l979). This motion includes discovery of any psychiatric examinations that may have been administered to any informant witnesses.

    8.    <u>MOTION FOR GOVERNMENT INVESTIGATION NOTES</u>

Defendant requests any notes, tapes and/or memoranda (whether handwritten, video or audio recorded, or otherwise) that may have been made by a government agent in this case, including any person who may have been acting as an informer, or in an investigative or undercover capacity. If such notes, tapes and/or other memoranda were once in existence but have now been destroyed, the purpose and exact information surrounding their destruction should be furnished in complete detail. If such items have not been destroyed, Defendant would request that the government be ordered to preserve such notes, tapes and/or other memoranda. *See United States v. Harris*, 543 F.2d l247 (9th

Cir. 1976); *United States v. Harrison*, 524 F.2d 421, 431-32 (D.C. Cir. 1975).

9. <u>MOTION FOR GOVERNMENT COMMUNICATIONS TO DEFENDANT</u>

Defendant requests the disclosure of whether any government agent, informer or anyone else acting at the direction of the government has communicated with the Defendant since the commencement of adversarial proceedings against the Defendant (in this case or any related state case). Defendant further requests the identification of such individuals and details and the circumstances of such communications as well as any statements made by both the Defendant and the government agent(s). *See generally Maine v. Moulton*, 474 U.S. 159, 106 S.Ct. 477, 489 (1985); *United States v. Henry*, 447 U.S. 264, 100 S.Ct. 2183, 2186-89 (1980).

10. <u>MOTION FOR WITNESS STATEMENTS</u>

Defendant requests the disclosure of any witness statements at least forty-eight hours before the witness testifies at trial or at any sentencing hearing. *See United States v. Rosa*, 891 F.2d 1074, 1077-78 (3rd Cir. 1989).[1] This request is to enable the Defendant to conduct an adequate cross-examination of the witness. This request includes, but is not limited to prior testimony such as grand jury testimony, prior written statements, any witness' reports or notes, any reports of prior oral statements and any prosecutor's notes concerning witness statements which have been or may be adopted, approved or verified by the witness. *Goldberg v. United States*, 425 U.S. 94 (1976).

The Defendant also requests that the Court order the government to produce all exculpatory witness statements as well a negative exculpatory witness statements. *Jones v. Jago*, 575 F.2d 1165, 1168 (6th Cir.), *cert. denied*, 439 U.S. 883 (1978) (statements of informed witnesses which do not mention the defendant). The Defendant further requests the Court to order the government to

---

[1] By separate motion Defendant will be requesting the early production of Jencks Act material at trial.

produce any evidence concerning narcotics habits or psychiatric treatment of its witnesses. The Defendant seeks to discover the personnel file of any government witness which may contain evidence material to the preparation of a defense or contain *Brady* or *Giglio* material. *United States v. Cadet*, 727 F.2d l453, l467-68 (9th Cir. l984); *United States v. Gross*, 603 F.2d 757, 759 (9th Cir. l979); *United States v. Garrett*, 542 F.2d 23, 26-27 (6th Cir. l976).

    11.    MOTION FOR ELECTRONIC SURVEILLANCE

Defendant requests the disclosure of any information or evidence which was gained by any electronic surveillance, including but not limited to wiretaps, videotapes, tape recorded conversations, or the like concerning the Defendant, any of the alleged co-conspirators or co-Defendants, and/or any witness. If any evidence or information was gathered by such means, Defendant should be provided copies of any written transcripts, reports, or have an opportunity to see or hear any information or evidence so gathered. *See Alderman v. United States*, 394 U.S. l65 (l976); F.R.Cr.P. l6(a)(1)(C).

    12.    MOTION FOR DEFENDANT'S PRIOR CRIMINAL RECORD

Defendant requests a copy of her prior criminal record, including the disposition of cases. *See* F.R.Cr.P. l6(a)(1)(B).

CONCLUSION

All of the items requested are within the exclusive control of the federal government, or other agencies acting with the federal government and are unavailable to the Defendant.

WHEREFORE, the Defendant respectfully submits the motions set forth above for pre-trial discovery. These motions are to be considered continuing in nature and the government should supplement discovery if received at a later date. *Mooney v. Holohan*, 294 U.S. l03, l08 (1935).

        Respectfully submitted,

        RICHARD A. ANDERSON
        Federal Public Defender
        Northern District of Texas

        /s/ Bonita L. Gunden
        BONITA L. GUNDEN
        Assistant Federal Public Defender
        500 S. Taylor, Suite 110
        Amarillo, Texas  79101
        Phone (806) 324-2370
        Texas Bar No. 08620450

        ATTORNEY FOR DEFENDANT

## CERTIFICATE OF CONFERENCE

This is to certify that the office of the Federal Public Defender has consulted with Steve Sucsy, Assistant U.S. Attorney, regarding this Motion, and he indicated that the Government AGREES IN PART AND OPPOSES IN PART.

        /s/ Bonita L. Gunden
        BONITA L. GUNDEN

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2012, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to Assistant U.S. Attorney Steve Sucsy, the attorney of record in this case, who has consented in writing to accept this Notice as service of this document by electronic means.

        /s/ Bonita L. Gunden
        BONITA L. GUNDEN