IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 2:12-CR-043-J |
| | § | |
| SHANICE ADEL LAMBERT (1) | § | |

**PLEA AGREEMENT**

Shanice Adel Lambert, defendant, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: The defendant understands that she has the right

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have her guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in her defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offense alleged in the one-count Superseding Information filed herein, charging a violation of 18 U.S.C. § 2423(b), that is, Travel With Intent to Engage in Illicit Sexual Conduct. The defendant understands the nature and elements of the crime to which she is pleading guilty, and agrees that the factual resume she has signed is true and will be submitted as evidence.

Plea Agreement - Page 1

3. **Sentence**: The maximum penalties the Court can impose include:

    a. imprisonment for a period of not more than thirty (30) years;

    b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c. a term of supervised release of not less than five (5) years to life, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $100;

    e. restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

    f. costs of incarceration and supervision.

4. **Court's sentencing discretion and role of the Guidelines**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with her attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw her plea if her sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5.  **Mandatory special assessment**: The defendant agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6.  **Defendant's agreement**: The defendant shall give complete and truthful information and/or testimony concerning her participation in the offense of conviction. Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on her in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that she has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court. The defendant agrees to surrender her Texas Educator Certificate by signing an Order of Surrender of Texas Educator Certificate, in accordance with Title 19, Texas Administrative Code, Section 249.15(b)(2). Lambert understands that this voluntarty surrender will be permanent, and without opportunity for re-application.

7. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, the pending indictment. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

8. **Violation of agreement**: The defendant understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against her of any information or statements she has provided to the government, and any resulting leads.

9. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that

Plea Agreement - Page 4

lawyer's legal representation. The defendant has received from her lawyer explanations satisfactory to her concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to her other than entering into this agreement. Because she concedes that she is guilty, and after conferring with her lawyer, the defendant has concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

11. **Sex Offender Registration Requirement**: The defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, she must register and keep the registration current in each of the following jurisdictions: where she resides; where she is an employee; and where she is a student. She understands that the requirements for registration include providing her name, her residence address, and the names and addresses of any places where she is, or will be, an employee or a student, among other information. She further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which she resides, is an employee, or is a student, not later than three business days after any change of her name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects her to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

12. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 15th day of November, 2012.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

*/s/ Shanice Lambert*
SHANICE ADEL LAMBERT
Defendant

*/s/ Bonita L. Gunden*
BONITA L. GUNDEN
Attorney for Defendant

DENISE WILLIAMS
DEPUTY CRIMINAL CHIEF

*/s/ Christy L. Drake (for)*
STEVEN M. SUCSY
Assistant United States Attorney
Texas State Bar No. 18459200
1205 Texas Ave., Rm. 700
Lubbock, Texas 79401
Telephone:   806.472.7351
Facsimile:    806.472.7394
E-Mail:        steve.sucsy@usdoj.gov

Plea Agreement - Page 6