

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| VS. | * | 2:12-cr-043-J(01) |
| | * | |
| SHANICE ADEL LAMBERT | * | |

## O R D E R

On the 16th day of November 2012, the above named defendant and her attorney appeared with the Assistant United States Attorney in open court for arraignment pursuant to Rule 11, Federal Rules of Criminal Procedure and the other applicable provisions of such Rules and the law.

At said hearing the court did first address the defendant personally and informed the defendant of the nature of the charge, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. She was further advised that she had a right to be represented by an attorney at every stage of the proceedings against her, and if she had no attorney, one would be appointed to represent her. The court further advised the defendant of her right to plead not guilty or to persist in that plea if it had already been made, and that she has a right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine witnesses against her and that she could not be compelled to incriminate herself and to testify at said trial unless she voluntarily elected to do so. Also the defendant was advised that if she did plead guilty or _nolo contendere_ that there would not be a trial of any kind and that by pleading guilty or _nolo contendere_ she was waiving the right to a trial as well as the right to confront and cross-examine witnesses.

The court explained to the defendant that if she pled guilty or _nolo contendere_ that the court would ask her questions about the offense to which she so pled and that if she answers these questions under oath, on the record, and in the presence of counsel, the answers may later be used against the defendant in a prosecution for perjury of false statement.

All attorneys and the defendant were further advised that it was permissible to engage in plea bargaining discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or _nolo contendere_ to the charged offense or to a lesser or related offense, the attorney for the government would do the following:

(a)  Move for dismissal of other charges;
(b)  Make a recommendation or agree not to oppose the defendant's request for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court or
(c)  Agree that a specific sentence is the appropriate disposition of the case.

They were further advised that the court would not participate in the discussions but if an agreement was reached it would be required to be disclosed in open court, and that the court might accept or reject the agreement or defer decision thereon until the court had an opportunity to consider the presentence report. Further the defendant was advised that if the court accepts the agreement, an appropriate order will be entered but if the court rejects the agreement the parties would be informed on the record that the court was not bound by the plea agreement and the defendant would then be afforded an opportunity to withdraw her plea, and that if she persists in her plea of guilty or nolo contendere that the disposition of the case may be less favorable to the defendant than had been contemplated by the plea agreement.

The defendant was then placed under oath and entered her plea of guilty or nolo contendere to Count(s) _one (1)_ of the charge. Further, the court inquired into the factual basis for the charge and the plea of the defendant to said charge(s) and is satisfied that there is a factual basis for the charge(s) and the defendant's plea thereto.

After addressing the defendant personally and hearing her answers under oath, the court has determined that the plea so entered was made voluntarily by the defendant and before she entered the plea, the defendant had an understanding of the nature of the charge, an understanding of the consequences of her plea, and that said plea was made with the defendant's knowledge of any mandatory minimum penalty as well as knowledge of the maximum penalty that could be imposed as a result of her plea.

The court further finds and determines that there was no plea agreement between the defendant, her attorney, or anyone representing the defendant and any representative of the United States of America except see filed written plea agreement.

Accordingly, the plea of the defendant that she is guilty as to Count(s) _one (1)_ of said (~~Indictment~~ - Superseding Information) is accepted and entered and the cause is continued for sentencing pending the receipt of the probation officer's presentence report.

ENTERED this 16th day of November, 2012.

_____
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

The defendant and her attorney hereby acknowledge receipt of a copy of the above order and the defendant does hereby acknowledge the correctness of the findings and statements contained in same.

_____         _____
Attorney                                                          Defendant

_November 16, 2012_
Date